UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MEDITERRANEAN SHIPPING COMPANY, S.A.

                         Plaintiff,

  -against-

SUNNY LIGHT, INC. D/B/A SUNNY LIGHT
COMPANY and SHANGHAI QIU XIN CO., LTD.,

                         Defendants.

------------------------------------------------------------------------X

Case No. 08cv1908 (RMB)

ECF CASE

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE ATTACHMENT

### I. PRELIMINARY STATEMENT

Defendant, Sunny Light Inc. ("SUNNY LIGHT"), by its undersigned counsel, Wong, Wong & Associates, P.C., submits this Memorandum of Law in Support of Motion to Vacate Attachment pursuant to Rule E(4)(f) and Rule E(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. On February 27, 2008, the plaintiff, MEDITERRANEAN SHIPPING COMPANY, S.A. ("MSC"), filed an *Ex Parte* motion in federal court which sought an attachment of SUNNY LIGHT's property in the amount of $94,449.91. On February 26, 2008, Judge Richard M. Berman of the United States District Court for the Southern District of New York issued an order restraining SUNNY LIGHT'S funds in the amount of $94,449.91. These funds were being wired transferred through JP Morgan Chase Bank to SUNNY LIGHT and were restrained on March 6, 2008.

1

The Ex Parte Attachment Order should be vacated because MSC was in breach of contract and later failed to make reasonable effort to mitigate damages.

## II. PARTICIPANTS

Plaintiff, MSC, was and is a foreign corporation organized and existing under the laws of Switzerland, with an office and principal place of business located at 40 Avenue Eugene Pittard, Geneva, CH-1206, Switzerland. MSC, at all times mentioned, was and is engaged in the business of ocean transportation services as a carrier.

Defendant, SUNNY LIGHT, was and is a corporation with its principal place of business in Appleton, Wisconsin. SUNNY LIGHT was and is in the business of buying and selling diapers, among other items.

Defendant, SHANGHAI QUI XIN CO. LTD. ("QIU XIN") was and is an import export company. QIU XIN is organized and existing by virtue of the laws of China with the principal place of business in Shanghai, China.

FR. MEYER'S SOHN NORTH AMERICA LLC ("MEYERS") is a shipping agent. MEYERS is neither a plaintiff nor a defendant in the lawsuit.

CHINA SHIPPING CONTAINER LINES ("CHINA SHIPPING") is a company that transports goods between the United States and China. China Shipping is neither a plaintiff nor a defendant in the lawsuit.

## II. STATEMENT OF FACTS

On or about March 17, 2005, the defendant, SUNNY LIGHT, arranged to have seven large containers shipped to Shanghai, China. SUNNY LIGHT paid the entire cost of freight

in advance. Upon information and belief, all of these containers contained diapers. MSC was contracted to receive two of these containers.

The two containers intended for MSC were shipped through the MEYERS shipping company while CHINA SHIPPING transported the remaining five containers.

QIU XIN was acting in the capacity Chinese importer, and accordingly, QIU XIN had an affirmative obligation to obtain the required licensing documents before the goods arrived in China. Unfortunately, QIU XIN failed to obtain the appropriate licensing documents, and accordingly, all of the goods were stopped at the port of entry.

After learning that the shipments were denied entry in China, SUNNY LIGHT directed both MSC and CHINA SHIPPING to return the containers to the United States. SUNNY LIGHT agreed to pay for the cost of the return shipment.

CHINA SHIPPING returned the goods in a timely fashion and SUNNY LIGHT later sold the goods to another purchaser. In contrast, MSC failed to take timely action in any respect.

Upon information and belief, MSC forgot about the two containers and the contents were ultimately destroyed by Chinese authorities. When this occurred, SUNNY LIGHT suffered losses for both the content of the containers as well as the shipping costs that SUNNY LIGHT paid in advance. These costs were approximately $12,091.50 (See EXHIBIT #1, Sunny Light Invoice; dated March 25, 2005.)

On or about November 23, 2005, SUNNY LIGHT and MSC communicated via email. During this communication, SUNNY LIGHT offered to pay for the costs of having the goods

3

returned to the United States and MSC agreed to waive the demurrage fees. (See EXHIBIT #2, Email Communication "**SUBJECT** RE: Return Cargo…") MSC failed to fulfill its obligation in every respect. MSC (1) failed in its responsibility to return the goods and (2) breached its agreement to waive the demurrage fees.

### III. ARGUMENT

### POINT ONE

### IT IS PLAINTIFF'S BURDEN TO PROVE WHY THE ATTACHMENT SHOULD NOT BE VACATED

A plaintiff that has obtained an ex parte Rule B attachment order shoulders the burden at the post-attachment hearing to prove *inter alia* that "it has a valid prima facie admiralty claim against the defendant." *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.,* 460 F.3d 434, 445 (2d Cir. 2006).

> Supplemental Admiralty Rule E(4)(f) of the Federal Rules of Civil Procedure provides:
>
> Whenever property is arrested or attached, any person claiming an interest in it shall be entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief consistent with theses rules.
>
> In such cases, Local Admiralty and Maritime Rule E.1 provides:
>
> The adversary proceeding following arrest or attachment or garnishment that is called for in Supplemental Rule E(4)(f) shall be conducted by a judicial officer within three court days, unless otherwise ordered.
>
> It is the plaintiff's burden to prove that the attachment is proper. The Second Circuit Court

of Appeals commented on Rule E(4)(f) in *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.,* 460 F.3d 434 (2d Cir. 2006) and explained the following standard:

> [A] district court must vacate an attachment if the plaintiff fails to sustain his burden of showing that he has satisfied the requirements of Rules B and E. We also believe vacatur is appropriate in other limited circumstances. While,

4

> as we have noted, the exact scope of a district court's vacatur power is not before us, we believe that a district court may vacate the attachment if the defendant shows at the Rule E hearing that 1) the defendant is subject to suit in a convenient adjacent jurisdiction; 2) the plaintiff could obtain in personam jurisdiction over the defendant in the district where the plaintiff is located; or 3) the plaintiff has already obtained sufficient security for the potential judgment, by attachment or otherwise. n5
>
> n5 Rule E(4)(f) clearly places the burden on the plaintiff to show that an attachment was properly ordered and complied with the requirements of Rules B and E. Although Rule E does not explicitly mention a district court's equitable power to vacate an attachment or who bears such a burden, former Local Rule 12 required the defendant to establish any equitable grounds for vacatur, and we believe that defendants still bear that burden under the Supplemental Rules.

*Id.* at 445.

Former Local Rule 12, to which the Second Circuit cited in note 5 of *Aqua Stoli,* provides as follows:

> Where property is arrested or attached, any person claiming an interest in the property arrested or attached may, upon showing of any improper practice or a manifest want of equity on the party of the plaintiff, be entitled to an order requiring the plaintiff to show cause why the arrest or attachment should not be vacated or other relief granted, consistent with these rules or the supplemental rules.

*Aqua Stoli Shipping Ltd.,* 460 F.3d at 440.

Additionally, Supplemental Admiralty Rule E(6) provides that "Whenever security is taken the court may, on motion and hearing, for good cause shown, reduce the amount of security given...." As set forth above, the court "has power, pursuant to Supplemental Admiralty Rule E(6) to reduce the amount of the attachment when good cause is shown." *Sea Transp. Contractors, Ltd. v. Indus. Chemiques du Senegal,* 411 F. Supp. 2d 386, 396 (S.D.N.Y. 2006)

## POINT TWO

## **PLAINTIFF'S CLAIM AGAINST DEFENDANT IS FRIVOLOUS BECAUSE PLAINTIFF BREACHED CONTRACT AND FAILED TO MITIGATE DAMAGES**

In *Aqua Stoli,* the Second Circuit Court of Appeals held that given the exceptional remedy of maritime attachments when normal civil proceedings are readily available, the district courts have the inherent authority to vacate abusive or unfair attachments. *Aqua Stoli Shipping Ltd., v. Gardner Smith Pty Ltd.,* 460 F.3d 434 (2d Cir. 2006). The Court so held in the context of praising Judge Leval's holding in *Integrated Container Serv., Inc. v. Starlines Container Shipping, Ltd.,* 476 F.Supp. 119 (S.D.N.Y. 1979). The *Aqua Stoli* court held that "Then-District Judge Leval astutely noted, however, the possibility of abuse by the attaching party in some circumstances." *Aqua Stoli,* 460 F.3d at 442. One such case of abuse occurs when a party who can be "found" in the Southern District of New York has assets attached "across the river" in the Eastern District of New York. In *Integrated Container,* Judge Leval held that where there is an "abusive use of the maritime attachment remedy...the courts may easily remedy the situation by exercising discretion to set aside an unfair attachment." *Integrated Container,* 476 F.Supp. at 124. Based on the facts of *Integrated Container,* which was itself an "across the river" case, Judge Leval held that the attachment was not unfair because "there can be no doubt that plaintiffs' need for security is real, [and] that their quest for attachment is not a tactic of harassment." *Id.; see also Central Hudson Gas and Elec. Corp. v. Empresa Naviera Santa, SA,* 845 F. Supp. 150, 153 (S.D.N.Y. 1994) ("The Rule was not abused, inasmuch as there was a

substantial risk that [plaintiff] would not be able to locate sufficient assets to satisfy its claims, which in turn were not frivolous." (citations omitted)).

Likewise, in *Bay Casino, LLC v. M/V ROYAL EMPRESS,* 1999 U.S. Dist. LEXIS 22357 (S.D.N.Y. 1999) in the context of a defendant's challenge to a maritime attachment, and where the plaintiff provided "misleading information regarding projected profits and actual costs" the court held that "plaintiffs lost profits claim is frivolous and, therefore, improperly included as part of the security." *Id.* at *3-4. The *Bay Casino Court* further held that the claim was frivolous because the very existence of the damages were uncertain, *i.e.,* where profits were speculative at best, and that recovery was unwarranted where the plaintiff could not potentially prove loss to a reasonable certainty standard. "It is well-settled that in attachment proceeding, the plaintiff need not prove its damages with exactitude but the court must be satisfied that the plaintiff's claims are not frivolous," *Id. at *3* citing *Dongbu Express Co. v. Navios Corp.,* 944 F. Supp. 235 (S.D.N.Y. 1996). Addressing New York law, the court rejected the plaintiffs lost profits claim and partially vacated the attachment because allowing security for a frivolous claim would have put the plaintiff in a better position than it otherwise would have been without the defendant's involvement. The *Bay Casino* court held as follows:

> Several grounds for such a finding [that the claim was frivolous] were apparent in both the parties' pleadings and in their representations to the Court in the hearing on this matter.
>
> The standard for proving an entitlement to lost profits requires that:
>
> a. profits must have been lost because of the breach;
> b. the loss must be capable of proof with reasonable certainty; and
> c. the particular damages must have been in contemplation of the parties at the time the agreement was made.

\* \* \*

> While the plaintiff has a much lighter burden of proof in this [Rule E(4)(f)] proceeding than at trial, the Court still can find no basis in law or in fact to find plaintiffs claim non-frivolous....
>
> Additionally, neither in their pleadings, nor in their representations to this Court has plaintiff provided the Court with an evidentiary basis for historical profits that would indicate plaintiff's claims for lost profits constitutes anything more than bald speculation. Absent this, especially in consideration of the fact that plaintiffs are marketing...a consumer driven , highly volatile venture[,] plaintiff cannot potentially prove loss to a reasonable certainty.
>
> * * *
>
> Defendants cite *Rolls Royce v. Fratzis M.,* 1996 AMC 393, 396 (S.D.N.Y. 1995) in heralding the Court's responsibility to address the question of:
>
>> In obtaining the attachment...have the plaintiffs engaged in improper practices to such a degree or do the circumstances reveal a want of equity so manifest, as to require the attachment to be vacated in its entirety.
>
> In reducing the security, this Court is mindful of its discretion under both law and equity. Since plaintiffs will not be able to prove a claim for lost profits based solely on questionable projections, unsupported by historical profits, the Court declines to secure the claim... Considering the facts at bar, this Court considers that clear guidance in determining plaintiff's lost profits claim is frivolous. Thus, plaintiffs claim for lost profits will not be considered in calculating an appropriate security.

*Bay Casino,* 1999 U.S. Dist. LEXIS 22357 at *4-7.

The above holding bring into sharp focus that district courts are empowered with authority to vacate frivolous and abusive attachment. As applied to this case, MSC's claim is frivolous such that vacatur is appropriate. MSC's claim is frivolous because the very existences of damages were uncertain. Under Article 30 of Customs Law of China, where the importer of the import goods fails to declare the import goods to the Customs within three months of the declaration of the arrival of the means of transport, the goods could be taken over and sold by the Customs to setoff demurrage. Carrier could also ship back the container on a timely fashion to minimize demurrage.

In *Bay Casino*, the court held that one of the standard for proving an entitlement to lost profits requires that the particular damages must have been in contemplation of the parties at the time the agreement was made. In this case, MSC has agreed to waive demurrage against SUNNY LIGHT in condition that SUNNY LIGHT would pay the cost to ship back the containers. Thus, the damages MSC asked for has not been in contemplation of the parties at the time the agreement was made.

Moreover, MSC failed to make reasonable effort to mitigate damages. MSC could either let the goods to be auctioned or ship back the containers in a timely fashion to avoid unnecessary costs. Under the facts, it seems like MSC simply forgot about those two containers until Chinese Customs required MSC to destroy the goods about a year and four months later. MSC's recovery is unwarranted.

### POINT THREE

### ALTERNATIVELY, PURSUANT TO SUPPLEMENTAL ADMIRALTY RULE E(6) THE COURT SHOULD REDUCE THE AMOUNT OF THE ATTACHMENT TO AN AMOUNT COMMENSURATE WITH PLAINTIFF'S PROVABLE DAMAGES, IF ANY

Alternatively, SUNNY LIGHT moves pursuant to Rule E(6) for a reduction of security, *i.e.,* the release of the majority of the $94,449.91 under attachment. SUNNY LIGHT so moves on the basis that MSC's damages are either non-existent or grossly exaggerated. Supplemental Admiralty Rule E(6) provides that " Whenever security is taken the court may, on motion and hearing, for good cause shown, reduce the amount of security given...." As set forth *supra,* the Court "has power, pursuant to Supplemental Admiralty Rule E(6) to reduce the amount of the attachment when good cause is shown." *Sea Transp. Contractors, Ltd. v. Indus. Chemiques du Senegal,* 411 F. Supp. 2d 386, 396 (S.D.N.Y. 2006).

9

In *Dongbu Express Co., Ltd. v. Navios Corp.,* 944 F.Supp. 235 (S.D.N.Y. 1996), the vessel charterer sued the vessel owner and sought a maritime attachment in the Southern District of New York in support of a London arbitration. At the same time, the charterer also brought an attachment action in South Korea. The charterer attached funds in South Korea and in New York. Consequently, the owner moved this district court for a partial release of the funds attached in New York on the basis that the New York attachment was duplicative of the Korean attachment, and that the charter had become oversecured. Judge Scheindlin agreed that the charterer was oversecured and, therefore, ordered a partial release of the New York attachment pursuant to Rule E(6) because the amount restrained in New York exceeded the difference between charterer's provable damages and the amount of the Korean attachment. In so doing, Judge Scheindlin held that "in a an attachment proceeding, the plaintiff need not prove its damages with exactitude" and held further that "[b]ut *the court must be satisfied that plaintiff's claims are not frivolous." Id.* at 237 (citations omitted)(emphasis added).

In *Sea Transport Contractors, Ltd. v. Industries Chemiques du Senegal,* 411 F. Supp. 2d 386 (S.D.N.Y. 2006), Judge Casey reduced the amount of a maritime attachment to a level that he viewed as reasonable under the circumstances and held as follows:

> A district court has the inherent authority to vacate an attachment "upon a showing of 'any improper practice' or a 'manifest want of equity on the part of the plaintiff.' " Blake Mar., Inc. v. Petrom S.A., 2005 U.S. Dist. LEXIS 26310, No. 05 Civ. 8033, 2005 WL 2875335, at 2 (S.D.N.Y. Oct. 31, 2005) (quoting Southern District of New York Former Local Civil Rule 12 (1986)). The Second Circuit has held that the "inherent power to adapt an admiralty rule to the equities of a particular situation is entrusted to the sound discretion of the district judge." *Greenwich Marine, Inc. v. S.S. Alexandria,* 339 F. 2d 901, 905 (2d. Cir. 1965).

*Sea Transport Contractors, Ltd.,* 411 F. Supp. 2d at 391. Judge Casey found that "good cause" existed per Rule E(6) to reduce the amount of the attachment where the complaint did not accurately allege the amount of damages as evidenced by the parties' underlying contract.

10

Based on the above authority, MSC is not entitled to security in the amount of $94,449,91 for its claim for MSC failed to mitigate the damages.

## IV. **CONCLUSION**

For the foregoing reasons, the Court should vacate the attachment and direct the garnishees to release all restrained funds. In the alternative, this Court should reduce the amount of the attachment to a reasonable amount to secure only the provable damages.

Dated: April 2, 2008
      New York, NY

                                      Defendant,
                                      SUNNY LIGHT, INC.

                            By: __/S/ Michael Seam Weinstock_____
                                      Michael Sean Weinstock, Esq.
                                       Wong, Wong & Associates, P.C.
                                       150 Broadway, Suite 1588
                                       New York, NY 10038
                                       (212) 566-8080
                                       (212) 566- 8960 (fax)

# Exhibit 1

TO: FM: Tony OK

## Sunny Light Company.
39 Bellevue Place
Appleton, WI 54913 U.S.A.
Tel: 920 – 954 6488
Fax: 920 – 954 6898

## INVOICE

| Date: | Number: |
|---|---|
| 3/25/2005 | SLC - 5132 |

| Buyer: | Ship To: |
|---|---|
| SHANGHAI QIU XIN CO., LTD. NO. 220 JIADANG ROAD, JIADING DIST. SHANGHAI, CHINA TEL: 021 – 5992 7146 | SHANGHAI, CHINA B/L NO: MSCUUNC456950 BOOKING# NYC213197 |

| The Shipped Per: | From: | To: |
|---|---|---|
| DELAWARE BRIDGE - 0510R | NEW YORK, U.S.A. | SHANGHAI, CHINA |

| Mark & Nos. | Description of Goods | Quantity | Unit Price | Amount |
|---|---|---|---|---|
| N/M | PULP ADULT DISPOSABLE DIAPERS. 74/BALES  2X40' HQ CONTAINERS MECU 8737393 MSCU 8242558 | 26.87/MT | $450/MT | CNF SHANGHAI, CHINA  USD$12,091.50 |
| TOTAL: | 2X40"/CONTAINERS | 26.87/MT | | USD$12,091.50 |

COUNTRY OF ORIGIN: U.S.A.

Sunny Light Company.

Authorized Signature



# Exhibit 2

**From:** A KAPICA USNYC TRAFFIC FAR EAST ASST MGR
**Sent:** Wednesday, November 23, 2005 1:10 PM
**To:** 'Tony Wu'
**Subject:** RE: Return Cargo (B/L#MSCUNC456950)

Good day,

Our Headquarters agreed to waive demurrage, in condition that you will pay for bringing these containers back to US as you said in the below e-mail. Please arrange to ship those containers to LA.
If you need any help please advise.

Best Regards,
Anna Kapica
Asst. Manager Export Far East
MSC New York
Tel: 212-764-4800 ex. 33153
Fax: 212-827-1644

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MEDITERRANEAN SHIPPING COMPANY, S.A.

                Plaintiff,

-against-

SUNNY LIGHT, INC. D/B/A SUNNY LIGHT
COMPANY and SHANGHAI QIU XIN CO., LTD.,

                Defendants.
-------------------------------------------------------------------X

Case No. 08cv1908 (RMB)

ECF CASE

**Affidavit of Service**

STATE OF NEW YORK   )
                              )SS:
COUNTY OF NEW YORK )

      Liyi Tao, being duly sworn, and says that I am not a party to the above captioned action, and I am over the age of eighteen (18) years, and I reside in the State of NEW YORK.

      On April 2, 2008, I served a true copy of the annexed ORDER VACATING OR REDUCING A MARITIME ATTACHMENT AGAINST DEFENDANT SUNNY LIGHT CO. AND SHANGHAI QUI XIN CO. LTD. and MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE ATTACHMENT herein by depositing true copies thereof enclosed in a post-paid wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York addressed to:

      Olivier DuPont, Esq.
      DeOrchis & Partners, LLP
      61 Broadway, Suite 2600
      New York, NY 10006

                                                                  /s/ Liyi Tao
                                                                  Liyi Tao

Sworn to before me this
  2 day of April, 2008

___/s/ Anna Guiliano___
Notary Public

ANNA GUILIANO
Notary Public, State of New York
No. 02GU6123469
Qualified in Kings County
Commission Expires Mar. 7, 20_09_

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X
MEDITERRANEAN SHIPPING COMPANY, S.A.

                          Plaintiff,

  -against-

SUNNY LIGHT, INC. D/B/A SUNNY LIGHT
COMPANY and SHANGHAI QIU XIN CO., LTD.,

                         Defendants.

------------------------------------------------------------------------X

Case No. 08cv1908 (RMB)

ECF CASE

**ORDER VACATING OR REDUCING A MARITIME ATTACHMENT AGAINST DEFENDANT SUNNY LIGHT CO. AND SHANGHAI QUI XIN CO. LTD.**

     **Whereas**, the power to grant maritime attachments in admiralty is an inherent component of the admiralty jurisdiction given to the federal courts under Article III of the Constitution; and

     **Whereas**, there are uniform federal rules, called the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, that govern the practice of maritime matters in federal courts and a motion to vacate or reduce a maritime attachment, the plaintiff who obtained the attachment has the burden to show that the attachment should not be vacated; and

     **Whereas,** the Court has reviewed the Verified Complaint and the Supporting Verification of Mr. Tony Wu; and

     **Whereas,** the Court has reviewed the pleadings provided by the plaintiff; and

     **Whereas**, a plaintiff's failure in a maritime action to mitigate its damages can be considered good cause to vacate reduce the amount of an attachment, it is hereby

**Ordered,** that funds in the amount of _____ currently garnished in by the Plaintiff, MEDITERRANEAN SHIPPING COMPANY, S.A., are released, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules for Civil Procedure; and

**Ordered,** that JP Morgan Chase Bank shall release such funds forthwith.


Dated April _____ 2008


                                              SO ORDERED:

                                              _____
                                              Richard M. Berman
                                              United States District Judge