**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------X
MEDITERRANEAN SHIPPING COMPANY, S.A.

                    Plaintiff,

   -against-

SUNNY LIGHT, INC. D/B/A SUNNY LIGHT
COMPANY and SHANGHAI QIU XIN CO., LTD.,

                    Defendants.

-------------------------------------------------------------------------X

Case No. 08cv1908 (RMB)

**VERIFIED ANSWER WITH**
**AFFIRMATIVE DEFENSES**

Michael S. Weinstock, Esq. Attorneys for Defendants: SUNNY LIGHT, INC D/B/A SUNNY LIGHT COMPANY, 150 Broadway, Suite 1588, New York, NY 10038 (212) 566-8080

Defendant, SUNNY LIGHT INC. a/k/a SUNNY LIGHT COMPANY ("SUNNY LIGHT"), and having entered an appearance, alleges upon information and belief as follows:

1. Denies the information contained in Paragraph "1" of Plaintiffs Verified Complaint, asserting that the United States District Court for the Southern District of New York has jurisdiction.

2. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "2" of Plaintiff's Verified Complaint.

3. Admits the allegations contained in Paragraph "3" of Plaintiffs Verified Complaint.

4. Admits the allegations contained in Paragraph "4" of Plaintiffs Verified Complaint.

5. Denies knowledge or information sufficient for form a belief as to the allegations contained in Paragraph "5" of the Plaintiffs Verified Complaint.

6. Admits the allegations contained in Paragraph "6" of Plaintiffs Verified Complaint.

7. Admits the allegations contained in Paragraph "7" of Plaintiffs Verified Complaint.

8. Denies the allegations contained in Paragraph "8" of Plaintiffs Verified Complaint.

9. Admits the allegations contained in Paragraph "9" of Plaintiffs Verified Complaint.

10. Admits the allegations contained in Paragraph "10" of Plaintiffs Verified Complaint.

1

11. Denies the allegations contained in Paragraph "11" of Plaintiffs Verified Complaint.

12. Denies the allegations contained in Paragraph "12" of Plaintiffs Verified Complaint.

13. Denies the allegations contained in Paragraph "13" of Plaintiffs Verified Complaint.

14. Denies the allegations contained in Paragraph "14" of Plaintiffs Verified Complaint.

15. Denies the allegations contained in Paragraph "15" of Plaintiffs Verified Complaint.

16. Denies the allegations contained in Paragraph "16" of Plaintiffs Verified Complaint.

17. Denies the allegations contained in Paragraph "17" of Plaintiffs Verified Complaint.

18. Denies knowledge or information sufficient for form a belief as to the allegations contained in Paragraph "18" of the Plaintiffs Verified Complaint.

19. Denies the allegations contained in Paragraph "19" of Plaintiffs Verified Complaint

20. Denies the allegations contained in Paragraph "20" of Plaintiffs Verified Complaint.

21. Denies the allegations contained in Paragraph "21" of Plaintiffs Verified Complaint.

22. Denies the allegations contained in Paragraph "22" of Plaintiffs Verified Complaint.

23. Denies the allegations contained in Paragraph "23" of Plaintiffs Verified Complaint.

24. Denies the allegations contained in Paragraph "24" of Plaintiffs Verified Complaint.

25. Denies the allegations contained in Paragraph "25" of Plaintiffs Verified Complaint.

26. Denies the allegations contained in Paragraph "26" of Plaintiffs Verified Complaint.

27. Denies the allegations contained in Paragraph "27" of Plaintiffs Verified Complaint.

28. Denies the allegations contained in Paragraph "28" of Plaintiffs Verified Complaint.

29. Denies knowledge or information sufficient for form a belief as to the allegations contained in Paragraph "29" of the Plaintiffs Verified Complaint

30. Admits that Defendants SUNNY LIGHT cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. Except as so specifically admitted, the Defendants SUNNY LIGHT deny the remaining allegations set forth in Paragraph "30" of the Verified Complaint.

31. Denies the allegations contained in Paragraph "31" of Plaintiffs Verified Complaint.

32. Denies that the Plaintiff requires an Order from this Court to obtain personal jurisdiction over the Defendants and to secure the Plaintiff's claim.

AS AND FOR AFFIRMATIVE DEFENSES

33. The Defendant, SUNNY LIGHT, repeat and restate all allegations made herein at paragraphs 1 through 32, and same are incorporated herein as if fully set forth.

*First Separate and Complete Affirmative Defense*

34. The Verified Complaint fails to state a claim against the Defendant upon which relief may be granted.

*Second Separate and Complete Affirmative Defense*

35. The Verified Complaint fails to state a *valid prima facie* admiralty and maritime claim for wrongful arrest within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333 and, therefore, this Honorable Court lacks subject matter jurisdiction to hear the Plaintiffs claim and the Process of Maritime Attachment and Garnishment must be vacated.

*Third Separate and Complete Affirmative Defense*

36. The Plaintiff and Plaintiff's Verified Complaint fail to satisfy the requirements for a Supplemental Rule B maritime attachment.

37. The Plaintiff and Plaintiffs Verified Complaint fail to state a valid *prima facie* claim of liability against the Defendant SUNNY LIGHT .

38. The Plaintiff failed to mitigate damages.

*Fourth Separate and Complete Affirmative Defense*

39. This Court lacks personal jurisdiction over the Defendant SUNNY LIGHT, and the Plaintiff has failed to bring SUNNY LIGHT within the personal or *quasi in rem* jurisdiction of this Court.

40. The Defendant SUNNY LIGHT is not subject to personal jurisdiction in the United States Federal Court for the Southern District of New York or any other United States Federal Court in the United States.

41. The Defendant, SUNNY LIGHT, has not been properly served with legal process.

42. The alleged property, i.e. EFT payments, of the Defendants SUNNY LIGHT that plaintiff seeks to be restrained by garnishees in New York pursuant to the Writ of Attachment are not

assets or property of the Defendant for the purposes of Rule B and, therefore, this Court lacks *quasi in rem* jurisdiction to continue with this case.

*Fifth Separate and Complete Affirmative Defense*

43. The forum is inconvenient and Plaintiffs Verified Complaint should be dismissed pursuant to the doctrine *of forum non conveniens.*

*Seventh Separate and Complete Affirmative Defense*

44. The Defendant SUNNY LIGHT did not owe any duty or obligation, contractual or otherwise, to the Plaintiff, and the Defendants RPI and RPL are not in breach of any duty or obligation, contractual or otherwise, to the Plaintiff.

*Eighth Separate and Complete Affirmative Defense*

45. Any damages sustained by Plaintiffs, as alleged in the Plaintiff's Verified Complaint, which are denied, were proximately, directly, and solely caused by the negligent acts of third persons over whom the Answering Defendant did not have any direction or control.

*Ninth Separate and Complete Affirmative Defense*

46. Any damages claimed by Plaintiff, which are denied, were caused in part or in whole by the faults, actions or omissions of the Plaintiff and, therefore, Defendants are not responsible.

*Tenth Separate and Complete Affirmative Defense*

47. Plaintiff herein has failed to mitigate its damages and, therefore, plaintiff is not entitled to recover any damages, which are denied, as alleged in the Verified Complaint.

*Eleventh Separate and Complete Affirmative Defense*

48. This Answer is made without waiver of any jurisdictional defenses.
WHEREFORE, Defendant, SUNNY LIGHT, demands judgment:

a) That the Verified Complaint be dismissed as against Defendant SUNNY LIGHT

b) That this Court's *Ex Parte* Order for Process of Maritime Attachment be dissolved;

c) An Order directing all garnishees holding property of Defendant SUNNY LIGHT to release said property;

d) Awarding Defendants SUNNY LIGHT their legal expenses and attorneys' fees incurred in defending the present action; and

e) Such other, additional and further relief as the Court may deem to be just and proper in the circumstances of this case.


Dated: New York, New York
       May 1, 2008

                Yours, etc.,

                Wong, Wong & Associates, P.C.

        By: s/ Michael S. Weinstock
                Michael S. Weinstock, Esq.
                Attorneys for Defendants
                SUNNY LIGHT, INC D/B/A
                SUNNY LIGHT COMPANY
                150 Broadway, Suite 1588
                New York, NY 10038
                (212) 566-8080

## VERIFICATION

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

      Tony Wu, being duly sworn, deposes and says:

I am Tony Wu and I am the General Manager of the SUNNY LIGHT INC. a/k/a SUNNY LIGHT COMPANY (SUNNY LIGHT"). I have read the forgoing Answer and I know the contents thereof, which was fully explained to me in a language I understand. I am the defendant in the above-entitled action, and respectfully move this Court to issue an order to vacate attachment.

                                    _____//s//_____
                                    Tony Wu for and behalf of Defendant
                                    Sunny Light Inc.

Sworn to me this
\_\_\_\_\_ day of May, 2008

_____
Notary Public