**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------------X
MEDITERRANEAN SHIPPING COMPANY, S.A.

Case No. 08cv1908 (RMB)

Plaintiff,

     -against-

SUNNY LIGHT, INC. D/B/A SUNNY LIGHT
COMPANY and SHANGHAI QIU XIN CO., LTD.,

**AFFIDAVIT IN SUPPORT**
**OF MOTION TO VACATE**
**ATTACHMENT**

Defendants.

------------------------------------------------------------------------------X
STATE OF               )
                         ) ss.:
COUNTY OF          )

     I, Tony Wu, being duly sworn, deposes and says:

     1.    I, Tony Wu, the general manager of SUNNY LIGHT INC. a/k/a SUNNY

LIGHT COMPANY (SUNNY LIGHT") , am the defendant in the above-entitled action,

and respectfully move this Court to issue an order to vacate the attachment on my Chase

bank account with the account number 638711044.

     2.    The reason why I am entitled to the relief I seek is the following.

     3.    On or about March 17, 2005, after receiving payment from Defendant

SHANGHAI QIU XIN CO., LTD. ("QIU XIN") for the purchase of seven containers,

Defendant SUNNY LIGHT shipped the seven containers that had been sold to Shanghai,

China.

     4.    Two out of seven containers were shipped by Plaintiff MEDITERRANEAN

SHIPPING COMPANY, S.A. ("MSC") through the shipping agent FR.MEYER'S SOHN

NORTH AMERICA LLC.

1

5.      SUNNY LIGHT did not contact MSC directly.

6.      The other five containers were shipped by CHINA SHIPPING CONTAINER

LINES.

7.      Because the consignee, QIU XIN, did not obtain the necessary import

licensing documents, QIU XIN failed to declare the import goods to the Customs

Department of China.

8.      MSC sent a notice to SUNNY LIGHT to inform it of the matter on or around

May 27, 2005.

9.      SUNNY LIGHT asked MSC for a waiver of demurrage and that the

containers be shipped back to the United States at SUNNY LIGHT's expense so that

SUNNY LIGHT could sell the goods to other customers to mitigate SUNNY LIGHT's

losses.

10.     MSC agreed to waive demurrage on the condition that SUNNY LIGHT would

pay MSC the expense to ship back the containers.

11.     The containers were not shipped back as agreed, and MSC sent a provisional

invoice for demurrage charges to SUNNY LIGHT on or around January 13, 2006.

12.     MSC never informed SUNNY LIGHT that Chinese Customs had required

MSC to destroy the shipment in Shanghai and the cost for the destruction would be

approximately $13,341.00.

13.     The same situation occurred with SUNNY LIGHT's other five containers of

goods shipped by CHINA SHIPPING CONTAINER LINES. However, those five

containers of goods were shipped back to Los Anglos on or around July 1, 2005. SUNNY

LIGHT sold the goods to another customer and thereby mitigated some of its losses.

14.    MSC sent a final invoice for an amount of $89,800.00 for demurrage charges

and destruction costs associated with the shipment transported under bill of lading

MSCUNC456950 on July 11, August 10 and September 6, 2007.

15.    SUNNY LIGHT made no payment to MSC since MSC agreed to waive the

demurrage. Furthermore, if MSC had shipped back the container as agreed upon between

SUNNY LIGHT and MSC, destruction costs could have been avoided.

**WHEREOF**, I respectfully request that the Court grant this motion, as well as such

other and further relief as may be just and proper.

Date:  May ___, 2008

_____//s//_____
Tony Wu

Affirmed before me this
    day of May, 2008

_____
NOTARY PUBLIC