**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------X
MEDITERRANEAN SHIPPING COMPANY, S.A.

                    Plaintiff,

  -against-

SUNNY LIGHT, INC. D/B/A SUNNY LIGHT
COMPANY and SHANGHAI QIU XIN CO., LTD.,

                    Defendants.

Case No. 08cv1908 (RMB)

**AFFIDAVIT IN SUPPORT OF MOTION TO VACATE ATTACHMENT**

-------------------------------------------------------------------------X

STATE OF            )
                                  ) ss.:
COUNTY OF          )

     I, Tony Wu, being duly sworn, deposes and says:

     1.    I, Tony Wu, the general manager of SUNNY LIGHT INC. a/k/a SUNNY LIGHT COMPANY (SUNNY LIGHT"), am the defendant in the above-entitled action, and respectfully move this Court to issue an order to vacate the attachment on my Chase bank account with the account number 638711044.

     2.    The reason why I am entitled to the relief I seek is the following.

     3.    On or about March 17, 2005, after receiving payment from Defendant SHANGHAI QIU XIN CO., LTD. ("QIU XIN") for the purchase of seven containers, Defendant SUNNY LIGHT shipped the seven containers that had been sold to Shanghai, China.

     4.    Two out of seven containers were shipped by Plaintiff MEDITERRANEAN SHIPPING COMPANY, S.A. ("MSC") through the shipping agent FR.MEYER'S SOHN NORTH AMERICA LLC.

5. SUNNY LIGHT did not contact MSC directly.

6. The other five containers were shipped by CHINA SHIPPING CONTAINER LINES.

7. Because the consignee, QIU XIN, did not obtain the necessary import licensing documents, QIU XIN failed to declare the import goods to the Customs Department of China.

8. MSC sent a notice to SUNNY LIGHT to inform it of the matter on or around May 27, 2005.

9. SUNNY LIGHT asked MSC for a waiver of demurrage and that the containers be shipped back to the United States at SUNNY LIGHT's expense so that SUNNY LIGHT could sell the goods to other customers to mitigate SUNNY LIGHT's losses.

10. MSC agreed to waive demurrage on the condition that SUNNY LIGHT would pay MSC the expense to ship back the containers.

11. The containers were not shipped back as agreed, and MSC sent a provisional invoice for demurrage charges to SUNNY LIGHT on or around January 13, 2006.

12. MSC never informed SUNNY LIGHT that Chinese Customs had required MSC to destroy the shipment in Shanghai and the cost for the destruction would be approximately $13,341.00.

13. The same situation occurred with SUNNY LIGHT's other five containers of goods shipped by CHINA SHIPPING CONTAINER LINES. However, those five containers of goods were shipped back to Los Anglos on or around July 1, 2005. SUNNY LIGHT sold the goods to another customer and thereby mitigated some of its losses.

14. MSC sent a final invoice for an amount of $89,800.00 for demurrage charges and destruction costs associated with the shipment transported under bill of lading MSCUNC456950 on July 11, August 10 and September 6, 2007.

15. SUNNY LIGHT made no payment to MSC since MSC agreed to waive the demurrage. Furthermore, if MSC had shipped back the container as agreed upon between SUNNY LIGHT and MSC, destruction costs could have been avoided.

**WHEREOF**, I respectfully request that the Court grant this motion, as well as such other and further relief as may be just and proper.

Date: May \_\_\_, 2008

_____//s//_____
Tony Wu

Affirmed before me this
\_\_\_ day of May, 2008

_____
NOTARY PUBLIC